OPINION OF THE COURT
Andrea Masley, J.
In this replevin action pursuant to CPLR 7101, filed August 31, 2011, plaintiff Adam LeConte seeks return of his Maltese *239 dog, Bubkas, from, defendant, Kyungmi Lee, his ex-girlfriend, who refused to surrender Bubkas after a two-week stint of dog-sitting in August 2011 while plaintiff was traveling. Effectively, plaintiff seeks summary judgment. By temporary order of this court dated September 27, 2011, the parties were directed to alternate weeks of responsibility for the care of Bubkas pending this decision.
“The proponent of a summaiy judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case.” (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985].) Failure to meet this standard “requires denial of the motion, regardless of the sufficiency of the opposing papers.” (Id.) To defeat a motion for summary judgment, “the opposing party must show facts sufficient to require a trial of any issue of fact.” (Zuckerman v City of New York, 49 NY2d 557, 562 [1980] [internal quotation marks omitted].)
It is not in dispute that plaintiff acquired Bubkas, now age two, as a puppy in 2009, when the dog was conveyed to plaintiff as a gift from his parents, while the parties were residing together.
Plaintiff asserts that the parties shared care and custody during the course of their relationship, ending on December 24, 2010. Plaintiff avers that when the parties separated, Bubkas remained with defendant while plaintiff sought a suitable home for himself and Bubkas, and that he never surrendered, conveyed, or abandoned the dog.
Relying on the verified answer, counsel for defendant claims that plaintiff relinquished care and control over Bubkas over the course of the parties’ relationship, when defendant was the primary caregiver or after the parties’ relationship ended when plaintiff left the home. Alternatively, counsel argues that continued custody is in the best interest of Bubkas. According to defendant in the verified answer, she alone had custody of Bubkas from December 24, 2010 until January 19, 2011 when plaintiff reclaimed Bubkas. Bubkas returned to defendant on August 1, 2011. Defendant objects to plaintiffs care of Bubkas because plaintiff uses a crate.
The limited issue before the court on this motion is the superior possessory right to chattel and whether a trial is necessary to determine this issue. It is not disputed that plaintiff was the initial owner of Bubkas. Defendant does not argue that *240 Bubkas was conveyed to her by contract or gift. Abandonment is not a defense. (Valenza v Valenza, 67 AD2d 879 [1st Dept 1979].) That leaves Bubkas’s best interest. In Raymond v Lachmann (264 AD2d 340 [1st Dept 1999]), the court ordered the 10-year-old cat with a limited life expectancy to remain in the care of the defendant who had custody of the cat for the last four years, recognizing the “cherished status accorded to pets in our society” and the best interest of the cat. Recognizing this change in the law, here the court issued a temporary order modeled on a joint parenting order, alternating weekly custody of Bubkas until this decision issues. (See Feger v Warwick Animal Shelter, 59 AD3d 68 [2d Dept 2008] [reviewing the history of the law regarding companion pets, including Family Court Act § 842, which allows pets to be included as protected family members in orders of protection].) However, the court finds that Raymond v Lachmann is distinguishable from this case. It is undisputed that Ms. Lee alone had custody of Bubkas from December 24, 2010 to January 19, 2011 and August 1 to 31, 2011, a total of almost two months in 2011.[1] Two brief visits are not nearly the same as the four years in Raymond v Lachmann, where the cat had “lived, prospered, loved and been loved” by the successful defendant alone (264 AD2d at 341). While no longer a puppy, Bubkas is a young dog whose life is not limited as the cat’s was in Raymond v Lachmann. Further, while in her verified answer Ms. Lee objects to crating animals, she has failed to show that Bubkas is in any danger because plaintiff puts Bubkas in a crate or that any experts would agree with her objection to crating. There is no allegation that Bubkas was in such poor condition after residing solely with plaintiff after seven months that Ms. Lee sought medical treatment. Ms. Lee’s opposition is woefully inadequate to raise an issue for trial.[2] Therefore, plaintiff has a superior possessory right and is entitled to the return of his canine companion. WTiile there is no legal obligation to do so, the court hopes the parties will find a way for Bubkas to continue to spend time with both parties.
Accordingly, it is ordered that the alternate week sharing arrangement shall cease with service of this order with notice of entry and defendant shall return Bubkas on the next transfer *241 date; and it is further ordered that should defendant fail to comply with the foregoing after seven days of service of this order with notice of entry plaintiff may seek enforcement through the appropriate New York City agency, e.g., marshal or sheriff or the New York Police Department.

. The court is compelled to rely on the verified answer, since the only opposition to the motion is an attorney affidavit which alone is insufficient as the attorney lacks any firsthand knowledge. (Zuckerman v City of New York, 49 NY2d 557 [1980].)

. Although invited to do so at oral argument, defendant failed to contact the court and advise it in writing of factual issues that required a hearing.